FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 15, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PRAVEEN KEVIN KHURANA,<br><br>                              Appellant,<br><br>    v.<br><br>CITY OF LEWISTON, et al.,<br><br>                              Appellees. | NO. 2:25-CV-0374-TOR<br><br>ORDER DENYING APPELLANT'S MOTION TO SET ASIDE DISMISSAL AND REINSTATE APPEAL |

BEFORE THE COURT is Appellant's Motion to Set Aside Dismissal and Reinstate Appeal (ECF No. 24).  This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed.  For the reasons discussed below, Appellant's Motion to Set Aside Dismissal and Reinstate Appeal (ECF No. 24) is DENIED.

## BACKGROUND

On March 3, 2026, the Court ordered Appellant to show cause why his case should not be dismissed for failure to file the required documents.  ECF No. 18. On March 16, 2026, Appellant, proceeding *pro se*, responded offering a list of

ORDER DENYING APPELLANT'S MOTION TO SET ASIDE DISMISSAL AND REINSTATE APPEAL ~ 1

issues, background for his appeal and a list of documents and corresponding ECF document numbers. ECF No. 19 at 3-6; 15-21. On April 10, 2026, the Court dismissed Appellant's case for failure to file the required documents or pay the appellate fee pursuant to Federal Rules of Bankruptcy Procedure 8009(a)(1) and 8003(a)(3). ECF No. 22. Now, Appellant requests that the Court set aside dismissal and reinstate his appeal pursuant to Federal Rule of Civil Procedure 60(b) and Federal Rule of Bankruptcy Procedure 9024. ECF No. 24 at 2.

## DISCUSSION

"Rule 60(b) permits a court to 'relieve a party ... from a final judgment, order, or proceeding.'" *Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305, 311 (2025) (quoting FED. R. CIV. P. 60(b)). Rule 60(b) provides six grounds for relief. Appellant requests relief under two of the six grounds. ECF No. 24 at 2. Appellant requests relief due to excusable neglect and any other reason that justifies relief. *Id.* The factors to determine excusable neglect for missing a deadline do not apply in this case because the documents were not untimely but never appropriately filed. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 385 (1993); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379 (9th Cir. 1997).

Appellant argues that he responded to the Court's Order to Show Cause and appropriately filed the required documents. ECF No. 24 at 2. Appellant contends

ORDER DENYING APPELLANT'S MOTION TO SET ASIDE DISMISSAL AND REINSTATE APPEAL ~ 2

that excusable neglect applies because he was diligent and any error was due to the clerk's office and his inability to electronically file documents. ECF No. 24 at 3. Also, Appellant states that this dismissal results in due process violations. *Id.*

Appellant did not raise any new arguments that warrants the Court to vacate or set aside his dismissal. Appellant argued that he filed the required documents, however, Appellant's documentation and the docket show otherwise. ECF Nos. 13; 24. Also, Appellant does not identify error on behalf of the clerk's office. ECF No. 24. Additionally, Appellant did not pay the required filing fee for his appeal to be appropriately heard by this Court. ECF No. 3. Appellant's motion lacks reasons for his failure to provide the documents, pay the required fee, or his intent to remedy it beyond his inability to use electronic filing. ECF No. 24. *Pro se* litigants are still required to adhere to procedural rules and failure to accurately construe and apply the rules does not usually constitute excusable neglect. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997). Moreover, Appellant fails to cite any authority beyond Rule 60(b). ECF No. 24. Accordingly, Appellant did not show that excusable neglect was present, or any other reason necessitates relief. Accordingly, Appellant's Motion is denied.

ORDER DENYING APPELLANT'S MOTION TO SET ASIDE DISMISSAL AND REINSTATE APPEAL ~ 3

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Appellant's Motion to Set Aside Dismissal and Reinstate Appeal (ECF No. 24) is **DENIED.**

The District Court Executive is directed to enter this Order and furnish copies to counsel and Appellant.  The file remains **CLOSED.**

DATED May 15, 2026.



THOMAS O. RICE
United States District Judge

ORDER DENYING APPELLANT'S MOTION TO SET ASIDE DISMISSAL AND REINSTATE APPEAL ~ 4